# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-10-609 |
| | § | |
| SANDRA ELIZABETH CUNNINGHAM | § | |
| Defendant | § | |

## UNITED STATES' RESPONSE TO DEFENDANT CUNNINGHAM'S REQUEST FOR DISCOVERY, 404(B) AND 12(d)(2) NOTICE AND PRESERVATION OF EVIDENCE

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through its United States Attorney for the Southern District of Texas, José Angel Moreno, and Jennifer B. Lowery, Assistant United States Attorney, and files this Response to Defendant Cunningham's Request for Discovery, 404(b) and 12(d)(2) Notice and Preservation of Evidence.

The United States objects to all of these requests to the extent they seek discovery beyond the obligations imposed by the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), the Jencks Act (18 U.S.C. §3500), *Brady v. Maryland,* 373 U.S. 83 (1963), and *United States v. Giglio,* 405 U.S.150 (1972), and their progeny.

## I.   BACKGROUND

In preparation for the trial of the above referenced matter, the United States has produced in a timely manner discovery materials, consistent with its discovery obligations, to defense counsel. Specifically the United States has provided the following discovery:

On September 9, 2010, the United States provided a spreadsheet prepared by Rider Hunt International (RHI) entitled estimate of unauthorized withdrawals; Infopoint/ACH Capture Detail Listing for $47,218.29 transaction effective January 10, 2007; a January 28, 2007 American Express statement in the name of Joseph Cunningham, Elite Remodeling; a spreadsheet prepared by RHI comparing QuickBooks records, RHI bank records and the defendant's personal records; a report of Interview of James Deans McFarlane; a January 31, 2007 Amegy Bank statement in the name of Rider Hunt International USA; Infopoint/ACH Capture Detail Listing for $10,000 transaction effective April 12, 2007; a September 28, 2007 Amegy Bank statement for account in the name of Rider Hunt International USA; Infopoint/ACH Capture Detail Listing for $21,394.94 transaction effective April 14, 2008; an April 30, 2008 American Express statement for an account in the name of Joseph Cunningham, JS Enterprises; Infopoint/ACH Capture Detail Listing for $3,628.45 transaction effective April 10, 2008; an April 16, 2008

Amegy Bank statement for an account in the name of Joe Cunningham or Sandy Cunningham; Infopoint/ACH Capture Detail Listing for $81,766.31 transaction effective April 10, 2008; an April 30, 2008 Amegy Bank statement for an account in the name of Joe Cunningham dba JS Enterprises; an April 30, 2008 Amegy Bank statement for an account in the name of Rider Hunt International USA; Infopoint/ACH Capture Detail Listing for $3,000.00 transaction effective April 14, 2008; a spreadsheet prepared by Special Agent Hopper, FBI summarizing selected unauthorized transactions; a spreadsheet prepared by Special Agent Hopper, FBI calculating salary overpayments to Cunningham; a report of interview of Marylyn Manis-Hassanein; a report of interview of Michael James Magness; an amended 2008 U.S. Individual Income Tax Return for Joe and Sandra Cunningham; selected pages from amended 2004-2007 U.S. Individual Income Tax Returns for Joe and Sandra Cunningham; and a copy of the driver's license photo and criminal history for Sandra Cunningham.

Also included in the September 9, 20100 discovery production were reports of interviews of witnesses; along with a discovery CD which contains a folder of Amegy Bank Records; a folder of American Express records; an Intuit folder which contains, among other things, RHI 2004-2010 Federal and State Notices; Sandra Cunningham's W-2s for 2004-2009, RHI State and Federal Returns, ACH

payments, manual ledger and correspondence, Chase ACH register for 2004-2010, screen shots from CRIS and EDP and an employee screen for Sandra Cunningham; a RHI folder which contains RHI acquired documents and Sandra Cunningham acquired documents; and an adobe file with emails of McFarlane to include emails sent by the Defendant.

On October 19, 2010, the Defendant was provided a hard drive containing images of the Defendant's laptop and external hard drive.

## II.   COPIES OF MATERIALS SUBJECT TO DISCLOSURE

The United States has provided the above mentioned materials to the Defendant. The United States will continue to make available to the Defendant discoverable information within its possession or control and will continue to provide access to additional discovery as it is supplemented.

The United States has not declined any Defendant access to discoverable information within its possession or control and is not aware of any discovery dispute. The United States will continue to comply with all discovery requests of the Defendants that are consistent with and do not exceed its discovery obligations set forth in Rule 16, Federal Rules of Criminal Procedure, Rule 26.2, Federal Rules of Criminal Procedure, and Title 18, United States Code, Section 3500. To the

extent that any request is beyond these requirements, the United States respectfully declines such request.

### A. WRITTEN OR RECORDED STATEMENTS OF THE DEFENDANT

The United States will make available, pursuant to Rule 16(a)(1)(A), Federal Rules of Criminal Procedure, any written or recorded statements of the Defendant, or copies thereof, within the Government's possession, custody or control; and the substance of any of the Defendant's oral statements made to persons known by him to be federal agents, which statements the Government intends to offer into evidence at trial. The United States respectfully declines to provide all statements made by the defendant to third parties as Rule 16 does not require this.

### B. DEFENDANT'S CRIMINAL RECORD

The United States will make available, pursuant to Rule 16(a)(1)(B), such copies of the Defendant's prior criminal record, if any, which are in the possession, custody, or control of the government, or by exercise of due diligence may become known to the attorney for the government.

### C. DOCUMENTS AND TANGIBLE OBJECTS

The United States will make available, pursuant to Rule 16(a)(1)(C), any photographs, books, papers, documents, tangible objects, and tape recordings for inspection and copying, which documents and tangible objects are in the

possession, custody or control of the government, and which are material to the preparation of the defense or may be used by the government in its case in chief at trial, or were obtained from the Defendant.

### D. RESULTS OF SCIENTIFIC TESTS OR EXPERIMENTS

The United States will make available for inspection and copying, pursuant to Rule 16(a)(1)(D), any results or reports of scientific tests or experiments which are in the care, custody or control of the government, or by exercise of due diligence may become known to the attorneys for the government, and which are material to the preparation of the defense, or are intended for use by the government in its case in chief at trial.

### III.   BRADY V. MARYLAND, EXCULPATORY EVIDENCE AND GIGLIO MATERIAL

The United States will comply with its obligations pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Giglio v. United States</u>, 405 U.S. 150 (1972), and their progeny.  The United States acknowledges that <u>Brady</u> material covers exculpatory evidence as well as impeachment evidence as contemplated by <u>United States v. Bagley</u>, 473 U.S. 667 (1985).  Should the government become aware of exculpatory or mitigating evidence contained in witness statements, agent notes or reports, counsel for the defendants will be notified.

### IV.     PROMISES, INDUCMENTS, PLEA AGREEMENTS, ETC.

The United States will make available any promises, inducements, plea agreements or the details of any benefits offered to any witness that the government intends to call at the trial of this cause and the prior criminal record of any witness pursuant to Giglio v. United States, 405 U.S. 150 (1972).

### V.     NOTICE OF INTENT TO USE 404(b) EVIDENCE

The United States is aware of the notice requirements of Rule 404(b) of the Federal Rules of Evidence and will provide such notice to the defendant if the government intends on offering extrinsic evidence pursuant to this rule.

### VI.    OBJECTION TO REQUEST FOR MATERIALS SUBJECT TO SUPPRESSION

The Defendant requests the United States provide notice of any evidence it intends to use in its case-in-chief which the defense may be entitled to suppress. The United States has no objection to providing discovery within the scope of Fed. R. Crim. P., the Jencks Act, *Brady,* and *Giglio,* and their progeny. The United States objects to this request which seeks to expand its discovery obligations by requesting the United States make a judgment call regarding the admissibility of evidence produced.

## VII. OBJECTION TO EARLY DISCLOSURE TO JENCKS MATERIAL

The United States respectfully declines to tender statements of witnesses that the government either expects to call or not call, except as provided in by the Jencks Act, Title 18, United States Code, Section 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure or which may be designated as Brady or Giglio material. Although the government can voluntarily provide Jencks Act material prior to trial, no such requirement exists, and accordingly, the government opposes an order requiring early release. See United States v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979). An early disclosure order is invalid since it is not mandated by Brady and is barred by the Jencks Act. United States v. Campagnuolo, 592 F.2d 852, 861 (5th Cir. 1979). In Campagnuolo, the Fifth Circuit found that in most circumstances compliance with the Jencks Act provided timely disclosure under Brady. Id. at 860. The United States declines to provide at this time copies of witness statements, if any exist.

## VIII. PRESERVATION OF EVIDENCE

The United States agrees to preserve physical evidence in the case. The United States will also question the agencies and individuals involved in the prosecution of this case to determine if such evidence exists, and if it does exist, to inform the parties of their obligation to preserve any such evidence.

## IX. CONCLUSION

Insofar as the defendants various requests are inconsistent with, or which seek to expand or change the obligations imposed under the Fed. R. Crim. P. 16, the Jencks Act, *Brady*, and *Giglio* and their progeny, the United States objects to providing such materials. The United States has already made a good faith attempt to comply with discovery obligations, and is aware of the continuing duty to disclose evidence pursuant to Fed. R. Crim. P. 16(c), and will continue to comply with the obligations.

Respectfully submitted,

José Angel Moreno
United States Attorney

By: /s/ *Jennifer B. Lowery*
Jennifer B. Lowery
Assistant United States Attorney
919 Milam Street, Suite 1500
P.O. Box 61129
Houston, Texas 77208
713-567-9830

## CERTIFICATE OF SERVICE

On this 21st day of December, 2010, I hereby certify that a true and correct copy of the foregoing was filed electronically and that the defense counsel will receive a copy electronically.

Ms. Melissa Matthews
Attorney at Law
JP Morgan Chase Tower
600 Travis Street, Suite 1900
Houston, Texas 77002

/s/ *Jennifer B. Lowery*
Jennifer B. Lowery
Assistant United States Attorney