IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CIVIL ACTION  NO. H-12-3147 |
| | § | CRIMINAL ACTION NO. H-10-609 |
| SANDRA ELIZABETH CUNNINGHAM, | § | |
| | § | |
| Plaintiff/Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION GRANTING UNITED STATES' MOTION TO DISMISS AND DENYING § 2255 MOTION AND AMENDED § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

Before the Magistrate Judge in this proceeding under 28 U.S.C. § 2255, is the United States'

Motion to Dismiss (Document No. 74), in which the United States seeks the dismissal of

Cunningham's Motion and Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or

Correct Sentence (Document Nos. 58 & 76).  Having considered the United States' Motion to

Dismiss, Cunningham's response (Document No. 15 in Civil Action No. 12-3147), the claims

Cunningham raises in her § 2255 Motion and Amended § 2255 Motion, the record of the

proceedings before the District Court in the underlying criminal case, and the applicable law, the

Magistrate Judge RECOMMENDS, for the reasons set forth below, that the United States' Motion

to Dismiss be GRANTED, that Cunningham's § 2255 Motion and Amended Motion to Vacate, Set

Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED with

prejudice.

I.      **Procedural History**

Movant Sandra Elizabeth Cunningham ("Cunningham"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is Cunningham's first motion pursuant to § 2255.

On August 26, 2010, Cunningham was charged by Indictment with conspiracy to commit wire fraud (count 1), and wire fraud (counts 2-8).    (Document No. 1).   On April 15, 2011, Cunningham pled guilty to the conspiracy count pursuant to a written Plea Agreement.  (Document Nos. 30 & 32).   Thereafter, following the preparation of a presentence investigation report, to which Cunningham filed objections (Document Nos. 38 & 39), she was sentenced to 37 months incarceration, to be followed by a three year term of supervised release, and restitution in the amount of $1,456,097.75.   (Document No. 45).  A Judgment of Conviction was entered on October 19, 2011.  (Document No. 49).  Cunningham did not appeal.

On or about October 15, 2012, the date the document is signed and hand-dated, Cunningham filed her § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 58). Approximately a month and a half later, on or about December 3, 2012, Cunningham filed a Motion for Leave to Amend and a proposed amended § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 64).[1]  The Motion for Leave to Amend was granted, but without prejudice

---

[1] Cunningham's Motion for Leave to Amend was not dated by Cunningham, but was received by the Clerk and filed on December 3, 2012.  *See* Document No. 64.  The Amended § 2255 Motion, attached to Cunningham's Motion for Leave to Amend, is signed and hand-dated October 15, 2012 (Document No. 64-1).  However, a review of the Amended § 2255 Motion reveals that Cunningham merely added claims onto the same § 2255 form she previously filed, and did not re-sign or re-date the Amended § 2255 Motion – leaving her same signature and the same date of October 15, 2012, on the Amended § 2255 Motion.  While there is no legible post-mark on the envelope in which Cunningham sent her Motion for Leave to Amend and Amended § 2255 Motion to the Court, *see* Document No. 64-2, it is not possible that they were sent on October 15, 2012.  In addition, because

2

to consideration of the timeliness of the claims raised by Cunningham in her Amended § 2255 Motion to Vacate, Set Aside or Correct Sentence.[2]

The Government has filed a Motion to Dismiss, arguing that the new claims alleged by Cunningham's in her Amended § 2255 Motion are time-barred and do not relate back to the timely claim asserted by Cunningham in her original § 2255 Motion.   As for the sole claim that was raised by Cunningham in her original § 2255 motion, the Government argues that that claim is encompassed in, and barred by, Cunningham's waiver of her right to collaterally challenge her conviction and sentence and that, alternatively, the claim fails on the merits.

## II.    Claims

In her original § 2255 motion, Cunningham raised one claim:

> Ineffective assistance of counsel.  Suppression of evidence to the Government by my Counsel.  If my Attorney Franklin Bynum had submitted evidence/discovery to the Court, it could have resulted in a positive outcome for the Petitioner.  This oversite [sic] showed incompetence and egregious representation of the Petitioner.

§ 2255 Motion (Document No. 58) at 4 of 8.  In her Amended § 2255 Motion, Cunningham raised the following additional claims:

---

it cannot be determined on this record when Cunningham placed her Motion for Leave to Amend and her Amended § 2255 Motion with prison authorities for mailing, Cunningham having failed to date and sign the Amended § 2255 Motion, and because Cunningham has not challenged or contested the United States' position that the Amended § 2255 Motion was filed on December 3, 2012, the date of filing of the Amended § 2255 Motion will be referred to herein as "on or about December 3, 2012."  As is discussed more fully below, however, whether the date of filing of the Amended § 2255 Motion is determined to be December 3, 2012, or even a week earlier to allow for mailing, the Amended § 2255 Motion was filed outside the one year limitations period.

[2] Cunningham's Amended § 2255 Motion was attached to Cunningham's Motion for Leave to Amend as Document No. 64-1.  With the granting of Cunningham's Motion for Leave to Amend, the Amended § 2255 Motion was filed as Document No. 76.

Counsel was ineffective for failing to review the PSR as required by Fed. R. Crim.P. 35.

Counsel was ineffective for failing to file a Motion to Dismiss the Indictment.

Counsel was ineffective for failing to consult regarding an appeal.

Counsel was ineffective for failing to object that there was no factual basis for the guilty plea.

The guilty plea was entered into unknowingly and involuntarily.

Counsel was ineffective for failing to object to the loss calculation.

(Document No. 76).


## III.     Discussion – Limitations

28 U.S.C. § 2255 specifically provides for a one-year statute of limitations as follows:

(f)   A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–

(1)  the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Here, the one year limitations period runs from the date Cunningham's

conviction was final.  That is because Cunningham: (1) has not alleged that she was in any way

impeded by Government action from filing a timely § 2255 motion, 28 U.S.C. § 2255(f)(2); (2) has

not asserted a claim based on a right newly recognized by the Supreme Court that has been made retroactively applicable to cases on collateral review, 28 U.S.C. § 2255(f)(3); and (3) has not shown that the facts underlying her claims could not have been discovered through the exercise of due diligence by the time her conviction was final, 28 U.S.C. § 2255(f)(4).

Cunningham's conviction was final on November 3, 2011, fourteen days after the Judgment of Conviction was filed and she did not appeal.   FED. R. APP. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment of the order being appealed");  *see also United States v. Johnson*, 457 U.S. 537, 542 n.8 (1982)(noting that a conviction is final when the availability of further appeal is exhausted). Under § 2255(f)(1), Cunningham then had one year from November 3, 2011, until November 3, 2012, to file a timely § 2255 motion.  Cunningham's original § 2255 motion, filed on October 15, 2012, was timely.  Her Amended § 2255 Motion, which contains new claims, and which was filed with her Motion for Leave to Amend on or about December 3, 2012, was not timely.

Untimely claims can be added to a timely filed proceeding and considered on the merits if such claims "relate back" to the claims that were timely filed.  Under FED. R. CIV. P. 15(c), "[r]elation back causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed."  *United States v. Davenport*, 217 F.3d 1341, 1344 (11th Cir. 2000), *cert. denied*, 532 U.S. 907 (2001).  "An amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." FED. R. CIV. P. 15(c)(2).  New claims alleged in an amended § 2255 motion "will

relate back and be considered timely if they 'arose out of the conduct, transaction, or occurrence' set forth in [the] original § 2255 motion." *Davenport*, 217 F.3d at 1344.

In *Mayle v. Felix*, 545 U.S. 644, 654-656 (2005), the Supreme Court made it clear that the "relation back" doctrine in Fed. R. Civ. P. 15(c) applies to federal habeas corpus proceedings. The Supreme Court also made it clear, however, that "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650. The relation back doctrine is strictly construed in federal habeas corpus proceedings. *United States v. Ciampi*, 419 F.3d 20, 23-24 (1st Cir. 2005), *cert. denied*, 547 U.S. 1217 (2006).

Here, most of the claims Cunningham added to this § 2255 proceeding with her Amended § 2255 Motion are claims that differ in both time and type from the sole ineffectiveness claim asserted by Cunningham in her original, timely § 2255 motion. Cunningham's claim in her original § 2255 Motion is that her trial counsel was ineffective for failing to present evidence to the Government and to the Court that certain charges, transactions and expenses were authorized by her employer. This claim relates *only* to the later- filed claim that counsel was ineffective for failing to object to the loss calculation. The two claims relate because it is Cunningham's argument that the loss calculation was too high, and did not take into account the fact that certain charges, expenses and transactions were authorized. *See Mayle*, 545 U.S. at 664 ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."). Cunningham's other ineffectiveness claims in her Amended § 2255 Motion– that counsel was ineffective for failing to review the PSR, for failing to file a motion to dismiss the indictment, for failing to consult regarding an appeal, for failing to object that there was no factual basis for the

6

guilty plea – are completely unrelated to the loss calculation claim.  *See United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) ("New claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision.  Rather, we must look to whether Gonzalez' new claim asserts 'a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'"), *cert. denied*, 131 S.Ct. 231 (2010).  Also unrelated to the loss calculation claim is Cunningham's new claim that her guilty plea was not knowingly and voluntarily.  Therefore, other than Cunningham's ineffectiveness claim based on counsel's failure to object to the loss calculation, the new claims made the basis of Cunningham's Amended § 2255 Motion do not "relate back" to Cunningham's original, timely claim, or the filing date of Cunningham's original § 2255 motion.  Such claims are time-barred and should be dismissed as such.[3]

IV.     **Discussion – Plea Agreement Waiver**

    With respect to the remaining claim(s) – that counsel was ineffective for failing to present evidence that mitigated the loss amount, and for failing to object to the loss calculation in the PSR– the Government argues that dismissal of those claims is warranted because Cunningham, as part of her written Plea Agreement, knowingly and voluntarily waived her right to collaterally challenge her

---

    [3] Cunningham advances no argument that equitable tolling should be applied to her late-filed claims, and there is nothing in the record to support an application of equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999) (equitable tolling may apply to late-filed habeas corpus applications but only in rare and exceptional circumstances). In addition, because Cunningham pled guilty, and has made no showing of actual innocence, the actual innocence "gateway" for allowing consideration of otherwise time-barred claims, *see McQuiggin v. Perkins*, ___ U.S. ___, ___ S.Ct. ___, 2013 WL 2300806 (May 28, 2013), is not available in this case.

7

conviction and sentence in a § 2255 proceeding such as this.  In the alternative, the Government

argues that no relief is available to Cunningham on the merits of the claim(s).

A defendant's waiver of his statutory right to collaterally challenge his conviction with a

motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is generally enforceable if the

waiver is both knowing and voluntary.  *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994);

*United States v. Davila,* 258 F.3d 448, 451-52 (6th Cir. 2001).   When, however, a defendant alleges

that his counsel was ineffective in negotiating a plea agreement, such ineffectiveness claims survive

the waiver if "the claimed assistance affected the validity of that waiver or the plea itself." *United*

*States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) (holding that "an ineffective assistance of counsel

argument survives a waiver of appeal only when the claimed assistance directly affected the validity

of that waiver or the plea itself").   In addition, such waivers do not "preclude review of a sentence

that exceeds the statutory maximum."  *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir.

2004).   In the context of a plea agreement waiver, a sentence exceeds the statutory maximum only

when it exceeds the maximum allowed by statute.  *United States v. Bond*, 414 F.3d 542, 546 (5th Cir.

2005); *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir.), *cert. denied,* 546 U.S. 962 (2005).

In this case, the record shows that Cunningham, as part of her written Plea Agreement,

waived her right to appeal her sentence, including the manner in which it was determined, and

additionally waived her right to collaterally challenge her conviction and/or sentence.  The Plea

Agreement provides in this respect:

> 8.      Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right
> to appeal the sentence imposed.  The defendant agrees to waive the right to appeal
> the sentence imposed or the manner in which it was determined.  The defendant may
> appeal <u>only</u> a sentence imposed above the statutory maximum.  Additionally, the
> defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or

"collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest her conviction or sentence by means of **any** post-conviction proceeding.

9.      In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court.  The defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that she may have received from her counsel, the United States or the Probation Office, is a prediction, not a promise, **did not induce her guilty plea**, and is not binding on the United States, the Probation Office or the Court.  The United States does not make any promise or representation concerning what sentence the defendant will receive.  Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court.  *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

10.      Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.  **If the defendant instructs her attorney to file a notice of appeal at the time sentence is imposed or at any time thereafter, the United States will seek specific performance of these provisions.**

Plea Agreement (Document No. 32) at 4-5 (emphasis in original).  In addition, at her Rearraignment, after making sure that Cunningham had personally read the Plea Agreement and had conferred with her attorney about the contents of the Plea Agreement, the Court carefully questioned Cunningham about the waiver provisions:

> THE COURT: Then, back here on Page 4, there's a statement of Waiver of Appeal. Do you see that section of the plea agreement?
>
> THE DEFENDANT: I do, sir.
>
> THE COURT: Where is states that you're aware of your right to appeal the sentence imposed under federal law and you agree to waive, that is, give up your right to appeal the sentence or the manner in which it is determined.  You understand what that means?
>
> THE DEFENDANT: I do, sir.

9

THE COURT: So, if I make a mistake, you have to live with it.  You can't appeal. You understand?

THE DEFENDANT: I do understand, sir.

THE COURT: Then the defendant may appeal only a sentence above the statutory maximum.  In other words, if I sentenced you above what the statutory maximum is, which is 20 years in prison for this offense, then you could appeal under that circumstance.  You understand?

THE DEFENDANT: Yes, sir.

THE COURT: Then it states that the defendant is aware under Title 28 USC, Section 228 [sic], that one may have a right to contest or collaterally attack a conviction after it's become final.  Have you heard about a petition for writ of habeas corpus, for example?

THE DEFENDANT: Yes, sir.

THE COURT: Well, that's the kind of thing we're talking about where, after this case is complete, if you plead guilty and then if you're sentenced and then there's no appeal and this is a final case and if you're in prison and sometimes a prisoner will then want to file a petition to have an attack made upon what happened in this case. Sometimes they challenge their lawyer, say their lawyer wasn't good, or one thing or another.

    Well, what this next sentence says is, in that Paragraph 8, is that you waive, you give up your right to contest your conviction or sentence by means of any post-conviction proceeding.  You understand what that means?

THE DEFENDANT: Yes, sir.

THE COURT: Is that your agreement?

THE DEFENDANT: Yes, sir.

Rearraignment Transcript (Document No. 70) at pp. 7-8.  Following additional admonishments, the Court determined that Cunningham's guilty plea was knowing and voluntary.  *Id.* at 21-22.

    Cunningham's plea agreement waiver of her right to collaterally attack her conviction and/or sentence with a § 2255 motion is, upon this record, enforceable.  While Cunningham has asserted

(in an untimely claim) that her plea agreement was not knowing and voluntary, that assertion is made as a pure conclusion, is not supported by any facts, argument or legal authority, and cannot override the clear evidence in the record, and the District Court's determination, that Cunningham's guilty plea was both knowing and voluntary.   The record shows that Cunningham affirmed having read the entire Plea Agreement and having discussed its contents with counsel.  In addition, Cunningham affirmed that the Plea Agreement contained the entirety of her agreement with the Government and acknowledged that any sentence prediction she had received from her counsel or the Government was a prediction, not a promise.  In addition, Cunningham's sentence does not exceed the statutory maximum – that is, the maximum sentence allowed by statute.  *See United States v. Bond*, 414 F.3d at 542, 545-46 (2005) (construing phrase "statutory maximum" in a plea agreement waiver to mean "'the upper limit of punishment that Congress has legislatively specified for violations of a statute'"). In all, the record shows that Cunningham's waiver of her right to collaterally attack her conviction or sentence was knowing and voluntary.  Accordingly, the plea agreement waiver is enforceable and Cunningham's claim that her trial counsel was ineffective for  failing to present evidence that mitigated the loss amount, and for failing to object to the loss calculation in the PSR, are subject to dismissal.


## V.     Discussion – Merits

Even if Cunningham had not waived her right to collaterally challenge her conviction and sentence in a § 2255 proceeding such as this, her claims that her counsel was ineffective for  failing to present evidence that mitigated the loss amount, and for failing to object to the loss calculation in the PSR, fail on the merits.

11

To be entitled to relief on an ineffective assistance of counsel claim, a petitioner must be able to show that his counsel was deficient and that the deficiency prejudiced him to the extent that a fair trial could not be had. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficiency is judged by an objective reasonableness standard, with great deference given to counsel and a presumption that the disputed conduct is reasonable. *Id.* at 687-689. The prejudice element requires a petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A petitioner has the burden to prove both the deficiency and the prejudice prongs in order to be entitled to relief. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

When ineffectiveness claims relate to counsel's performance at sentencing, *Strickland's* deficiency prong is met when counsel fails to "research facts and law and raise meritorious arguments based on controlling precedent. *United States v. Fields*, 565 F.3d 290, 296 (5th Cir.) (citing *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003)), *cert. denied*, 558 U.S. 914 (2009). Counsel, however, is not required to "anticipate changes in the law or raise meritless objections." *Fields*, 565 F.3d at 296. In terms of meeting *Strickland's* prejudice prong, "'any amount of [additional] jail time has Sixth Amendment significance.'" *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376, 1386 (2012) (quoting *United States v. Glover*, 531 U.S. 198, 203 (2001)).

Here, as is borne out in the record and as is discussed more fully below, Cunningham's ineffectiveness claims, as they relate to her sentence of incarceration, fail under *Strickland's* deficiency and prejudice prongs. As for her ineffectiveness claim as it relates to the order of restitution, such a claim is not cognizable in a § 2255 proceeding such as this. *See Campbell v. United States*, 330 Fed. Appx. 482 (5th Cir. 2009) ("A district court lacks jurisdiction to modify a

restitution order under § 2255"); *United States v. Hatten*, 167 F.3d 884, 887 (5th Cir. 1999)

("complaints concerning restitution may not be addressed in § 2255 proceedings"); *United States v.*

*Walker*, 78 F.3d 582, *3 (5th Cir. 1996) (defendant's "challenge to the ordered restitution and

accompanying claim of ineffective assistance of counsel do not pertain to unlawful custody and,

accordingly, fall outside the scope of section 2255"); *United States v. Segler*, 37 F.3d 1131, 1136-37

(5th Cir. 1994) (claims of ineffective assistance of counsel in connection with the imposition of a fine

are not cognizable in a § 2255 proceeding because such claims have no bearing on the defendant's

custody).

The record shows that Cunningham's counsel did object, as follows, to the loss calculation

in the PSR:

### IV. Total amount of loss does not include legitimate transfers for authorized reimbursements of business expenses

9. Defendant admitted in her factual summary that the total amount of loss was approximately two million dollars, but the approximately 2.2-million total at ¶ 21 exceeds the two-million-dollar amount Defendant [ ] admitted to in the factual summary and in the civil settlement by about $200,000. This is because the 2.2-million amount likely does not include amounts transferred to Defendant that were reimbursement for business expenses. On several occasions, Defendant would spend her own funds on business expenses and then be reimbursed by the company; she would mark the payment as if it were made for the item originally purchased, then reimburse herself for the expense after approval from her supervisor, Mr. McFarlane.

10. Defendant takes responsibility for the amount as described in the factual summary, but believes that the 2.2-million total, of which a large portion is for deposits to her under vendor names, may overstate the loss by several hundred thousand dollars. This does not make a difference for purposes of guideline calculation but may make an important difference in the amount of restitution owed.

(Document No. 39).  In addition, counsel explained in his affidavit (Document No. 12), that it was not his strategy to "attack the base offense level by nitpicking at tens or hundreds of transactions, but rather to present a positive, forward-looking, but remorseful account of Sandy's story.  That narrative would allow for some important, airtight claims of miscalculation of the loss amount.  But the weak claims at authorization that Sandy claimed were not supported by any evidence I ever saw."

To the extent Cunningham claims that her counsel's performance affected her sentence of incarceration, that claim is refuted by the record.  As is reflected in the Objection counsel filed, the Government's response thereto, the contents of counsel's affidavit, and the Sentencing Guidelines themselves, the alleged overstatement of the loss amount would not have affected Cunningham's sentence.   Under § 2B1.1(b)(1) of the Sentencing Guidelines, a sixteen level increase in Cunningham's base offense level was warranted if the loss was more than $1,000,000, but less than $2,500,000.  Notwithstanding Cunningham's arguments that $682,873.65 should not have been included in the loss amount, *see* Memorandum of Law (Document No. 67 at 3-4), even if that amount was not included, the loss was still more than $1,000,000, warranting the sixteen level increase under § 2B1.1(b)(1).  Counsel's performance vis-a-vis the loss amount calculations was not deficient, and Cunningham was certainly not prejudiced thereby.

In addition, as set forth above, to the extent counsel's performance vis-a-vis the loss amount affected the amount of restitution ordered, such a claim is neither cognizable nor redressable in a § 2255 proceeding such as this.

These ineffectiveness claims fail on the merits.

14

## VI.    Conclusion and Recommendation

Based on the foregoing, and the conclusion that Cunningham's claims are time-barred, barred by her waiver of her right to collaterally attack her conviction and sentence, and fail on the merits, the Magistrate Judge

RECOMMENDS that the United States' Motion to Dismiss (Document No. 74) be GRANTED and that Cunningham's § 2255 Motion and Amended § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document Nos. 58 & 76) be DENIED and DISMISSED with prejudice.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this _3___ day of ____June_____, 2013.

_____        Frances H. Stacy
                     United States Magistrate Judge